Dear Mr. Perkins:
You have requested an opinion from our office regarding commercial scanners. Specifically, you ask whether the Department of Agriculture ("Department") has the authority to assign registration fees to each location operating commercial scanners.
The Division of Weights and Measures enforces the regulations promulgated by the Department regarding commercial weighing and measuring devices, Title 7, Part XXXV, § 17501, et seq. The fees at issue are provided for in the fee schedule under § 17522, which applies a fee for each location utilizing scanning devices. The fees are $50.00, $100.00 and $150.00, depending on the number of point-of-sale devices at each location.
These regulations were promulgated pursuant to LSA-R.S. 3:4608
which, in pertinent part, reads:
 A. The commissioner may adopt rules and regulations for the implementation and enforcement of the provisions of this Chapter. The regulations may include standards of net weight, net measure, or net count for any commodity, product, or article, and specifications and tolerances for all weights, measures, and weighing and measuring devices of the character of those specified in R.S. 3:4607. These specifications and tolerances shall be designated to eliminate from use, without prejudice to apparatus which conform as closely as practicable to the official standards, those which are not accurate, those which are faulty in that they are not reasonably permanent in their adjustment or will not repeat their indications correctly, and those which facilitate the perpetration of fraud.
LSA-R.S. 3:4617 (A) mandates that, "[n]o one shall misrepresent the price or quantity of a commodity, thing, or service sold or offered or exposed for sale, to any actual or prospective customer." As the enforcing agency of these provisions, the Department may adopt reasonable rules in this area of regulation.
The Department's jurisdiction over weights, measures and related devices necessarily includes scanning devices, as evidenced by LSA-R.S. 3:4603 (21), which provides the pertinent definition:
 "Weights, measures, and weighing and measuring devices" includes all weights, scales, beams, measures of every kind, instruments and mechanical devices for weighing or measuring, and any appliances and accessories connected with any such instruments. However, it does not include or refer to devices used to meter or measure, other than by weight, water, natural or manufactured gas, electricity, or motor fuel.
Also, LSA-R.S. 3:4603 (5) defines "commodity" as "any service or item, or any combination of items, forming a distinctive product, sold in commerce which is affected by any determination of weight, measure, or count."
As I appreciate it, scanning devices count an item as it is scanned. Moreover, these devices are normally connected to other weighing and measuring instruments. These aspects technically qualify scanning devices as items properly subject to regulation by the Department pursuant to the statutory language cited above.
As per whether the fee itself is proper, this question is one of fact and focuses on whether the charge imposed by a governing body is a tax as opposed to a governing body's exercise of police power. As explained by the Louisiana Supreme Court:
 It is well settled generally and in Louisiana that not every imposition of a charge or fee by the government constitutes a demand for money under its power to tax. If the imposition has not for its principal object the raising of revenue, but is merely incidental to the making of rules and regulations to promote public order, individual liberty and general welfare, it is an exercise of the police power.
* * *
 The police power, as generally defined, extends to the protection of the lives, health, and property of the citizens, and to the preservation of good order and the public morals. The entire property and business within the local jurisdiction of the several states is within its control. The pursuit of any lawful trade or business within the local jurisdiction of the several states is within its control. The pursuit of any lawful trade or business may be subjected to reasonable regulations under the police power of the state, for the protection of the public health or safety, and the courts will interfere with the action of the local legislative authority only when it is plain and palpable that such action has not real or substantial relation to the public health, or safety, or to the general welfare. City of Lake Charles v. Wallace, 247 La. 285, 170 So.2d 654 (1965).
The Department is mandated to inspect and test all weighing and measuring devices operated in this state. LSA-R.S. 3:4607. As already discussed, scanning devices fall within the scope of this scrutiny.
The regulation at issue imposes a registration fee for each location with scanning devices. The amount of the fee varies depending on the number of devices in use at each location. The monies collected via these fees are used by the Department to conduct inspections and exercise general police power to ensure compliance with the laws and regulations pursuant to LSA-R.S.3:4601, et seq.
This office does not find any indication that the fees assigned are unreasonable under the information provided and concludes that these assessments are indeed a valid exercise of the Department's statutory and police powers.
I trust this addresses your concerns. Please contact our office if we can be of further assistance.
Yours very truly,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 By: __________________________ CARLOS M. FINALET, III Assistant Attorney General
RPI